IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CRIMINAL ACTION NO. 4:15-CR-39 |
| JOHNATHON CHAD LIND, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 24, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Wes Wynne.

Johnathon Chad Lind was sentenced on February 16, 2016, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. Johnathon Chad Lind was subsequently sentenced to 27 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include drug testing and treatment, mental health treatment, and a $100 special assessment. On August 20, 2019, Johnathon Chad Lind completed his period of imprisonment and began service of the supervision term. On October 4, 2019, this

case was reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas.

On January 7, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 39, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) the defendant shall refrain from any unlawful use of a controlled substance; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (4) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; and (5) under the guidance and direction of the United States Probation Office, the defendant shall participate in a combination of psychiatric, psychological, or mental health treatment deemed appropriate by the treatment provider. The defendant shall pay any costs associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) on September 20, 2019, Mr. Lind submitted a urine sample which tested positive for methamphetamine. Mr. Lind admitted to using methamphetamine and signed an admission form stating such; (2) on November 23, 2019, a urine sample was requested during an unannounced home visit at Mr. Lind's residence. Prior to submitting a sample, Mr. Lind admitted that he had been using methamphetamine and signed an admission form stating such; (3) Mr. Lind failed to submit a monthly supervision report as directed for the months of November and December 2019; as well as January 2020; (4) on December 13, 2019, an unannounced home visit was conducted, and contact was made with Mr. Lind's wife, Christy Lind, and his mother-in-law, Vera Martin, who owns the residence. Ms. Lind

and Ms. Martin stated that Mr. Lind moved out of the residence on December 4, 2019, and he has been staying at the Kings Inn Motel in Paris, TX. Contact was made with the manager of the motel who confirmed that Mr. Lind had been there since December 4, 2019. During the attempted home visit on December 13, 2019, Mr. Lind's wife, Christy Lind, informed this officer that Mr. Lind was fired from his job at Turner Pipe in Paris, TX. Mr. Lind has failed to report the change in employment to the U.S. Probation Office; and (5) On December 19, 2019, Mr. Lind was unsuccessfully discharged from mental health treatment due to excessive absences. Mr. Lind last attended on October 24, 2019, and only completed a total of 3 sessions since beginning treatment in September 2019.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in FCI El Reno, Oklahoma, if appropriate.

**SIGNED this 8th day of July, 2020.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE